FIRST NAT. BANK OF LANSDALE v. BOARD OF COM'RS OF WYAN-
DOTTE COUNTY.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1895.)

No. 557.

ROAD-IMPROVEMENT CERTIFICATES—VALIDITY—KANSAS STATUTE.

 Road-improvement certificates issued by persons purporting to act as road commissioners under Laws Kan. 1887, c. 214, for improvements on thoroughfares which are not in fact county roads, but are either located on private property or are streets within the limits of duly-organized cities, are not binding obligations of the county.

In Error to the Circuit Court of the United States for the District of Kansas.

Winfield Freeman and Horace S. Oakley (W. J. Buchan, Silas Porter, Farlin Q. Ball, and Charles B. Wood, on the brief), for plaintiff in error.

George B. Watson (Henry McGrew and A. E. Watson, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This was an action at law which was brought by the First National Bank of Lansdale, Pa., the plaintiff in error, against the board of county commissioners of Wyandotte county, Kan., the defendant in error. It was commenced in the

circuit court of the United States for the district of Kansas, for the purpose of recovering the amount alleged to be due on certain road-improvement certificates, which were signed and issued by certain persons while acting as road commissioners for Wyandotte county, Kan., pursuant to the provisions of an act of the legislature of the state of Kansas, approved March 5, 1887, entitled "An act providing for the improvement of county roads." Laws Kan. 1887, c. 214; Gen. St. Kan. 1889, pp. 1802, 1803.

The act last referred to has recently been declared to be unconstitutional by the supreme court of the state of Kansas in the case of Board v. Abbott, 52 Kan. 148, 157, 34 Pac. 416. The defendant county filed an answer to the complaint, wherein it alleged several defenses, among which was the defense that the act under which the certificates in suit had been issued was in violation of the constitution of the state of Kansas, and was therefore null and void. The plaintiff interposed a general demurrer to all the defenses stated in the answer, which was overruled. 61 Fed. 436. The plaintiff thereupon elected to rest its case on the demurrer, and a final judgment was entered in favor of the defendant. The case comes to this court on a writ of error, and the sole question to be considered is whether the circuit court erred in overruling the general demurrer to the answer.

The demurrer appears to have been overruled by the circuit court on the ground that the act of March 5, 1887, supra, was unconstitutional, and that the plea to that effect was well made. An inspection of the answer has satisfied us that at least one other good and sufficient defense to the action was pleaded by the defendant county, so that in any event the order overruling the demurrer to the answer was a necessary and proper order, and the judgment founded thereon cannot be disturbed.

Without stating the several defenses in detail, it will suffice to say that the road-improvement certificates in question purport to have been issued to pay for the improvement of four public county roads in Wyandotte county, Kan., termed, respectively, the Third street road, the Missouri river road, the Kansas City avenue road, and the Tenth street road. With respect to said alleged roads, the defendant county pleaded, in substance, that there never had been in Wyandotte county, Kan., any regularly laid out county roads such as were described in the certificates; that the so-termed Third street road, the Kansas City avenue road, and the Tenth street road, on which, as the complaint showed, the improvements had been made, were not county roads, but were respectively public streets in Kansas City, Kan., and in the city of Rosedale, Kan., over which the county of Wyandotte had no jurisdiction or control; that the so-termed Missouri river road was laid out on land belonging to private persons, and that, if any work had been done in the way of improving said alleged road, it was done largely on private property, in which the county of Wyandotte had no interest whatsoever. The answer further averred, in substance, that the persons by whom the certificates in suit were signed were not road commissioners for the county of Wyandotte, and had no authority as such commissioners

to bind the county by executing the certificates; that no county road was in fact improved for which the pretended road-improvement certificates in suit were issued; and that said alleged road commissioners had no authority to execute and deliver said obligations. It was also averred, and such was obviously the fact, that the certificates in suit were nonnegotiable instruments, and that the plaintiff was chargeable with notice of all the defenses thereto.

The two facts which were sufficiently pleaded in the answer—namely, that the road-improvement certificates were not negotiable instruments, and that the same had been issued for improvements made on certain thoroughfares that were not in fact county roads, but were either located on private property, or were streets within the limits of duly-organized cities of the state of Kansas—constitute in themselves a good and sufficient defense to the suit, irrespective of all other defenses.

As the action of the court in overruling the demurrer must be sustained in any event on the ground last indicated, it would be out of place to discuss the further question whether the act of March 5, 1887, above referred to, is valid or otherwise.

The judgment of the circuit court must be affirmed.